# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:03cv78-02-V
# (5:99cr71-5-V)

| | |
|---|---|
| **RUSSELL GARNET TURNER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion Under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 14).

Pertinent here, the record reflects that on November 1, 1999, a Bill of Indictment was filed charging, <u>inter alia</u>, that Petitioner conspired to possess with intent to distribute quantities of powder cocaine and cocaine base in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); and that he possessed with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §841(a)(1) (Count Eight). (Criminal Case No. 5:99cr71-5, Doc. No. 3). On November 30, 1999, the Government filed a Notice advising of its intention to seek enhanced penalties for Petitioner pursuant to 21 U.S.C. §851, thereby exposing Petitioner to a mandatory term of life imprisonment. (<u>Id.</u>, Doc. No. 15).

On March 2, 2000, Petitioner entered into a written Plea Agreement with the Government whereby he agreed to plead guilty to the conspiracy charge in exchange for the Government's dismissal of the remaining charge under Count Eight. (<u>Id.</u>, Doc. No. 62 at 1). The Agreement also provided that in exchange for Petitioner's complete compliance with all terms and

conditions of his Plea Agreement, the Government would withdraw its § 851 Notice. (Id. at 2). Furthermore, the Agreement contained Petitioner's stipulations that he had been involved with more than 50 grams but less than 150 grams of cocaine base; that the corresponding Offense Level for his offense was 32; that the statutory maximum term he was facing was a mandatory life sentence; and that there was a factual basis for his guilty plea. (Id. at 1-3). Last, the Agreement contained Petitioner's waiver of his right to directly appeal his case on any ground, or to bring a collateral challenge to his conviction and sentence on any grounds other than ineffective assistance of counsel and prosecutorial misconduct. (Id. at 4).

Also on March 2, 2000, Petitioner appeared before the Court to tender his guilty plea. On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being knowingly and voluntarily tendered. (Id., Doc. No. 63). Petitioner's sworn declarations established, among other matters, that he understood that he was under oath and was "required to give truthful answers to the [Court's] questions"; and that he was not "under the influence of alcohol, medicines or drugs of any sort," his mind was clear, and he understood that he was in Court for the purpose of entering a guilty plea which likely could not later be withdrawn. (Id. at 1). Petitioner also told the Court that he was thankful to God for a good attorney. (Id. at 4). Based upon Petitioner's answers to all of its questions, the Court accepted his guilty plea. (Id.).

On or about February 12, 2001, Petitioner sent the Court a pro-se letter-motion seeking permission to withdraw his guilty plea on the ground that his drug abuse had prevented him from understanding that he was taking responsibility for involvement with 50 to 150 grams of cocaine base and not some lesser amount. (Id., Doc. No. 222). Petitioner's letter-motion subsequently was followed up with a formal "Motion To Withdraw Plea," filed by his attorney on June 7,

2

2001. (Id., Doc. No 197 at 2). On August 10, 2001, the Government filed a response arguing that Petitioner had failed to satisfy any of the six factors which establish grounds for withdrawing his guilty plea (Id., Doc. No. 219 at 2).

On August 13, 2001, the Court held a hearing on the Motion, during which Petitioner testified that his addiction had caused him to pretend that he understood the significance of his Plea Agreement; however, he did not understand that situation. (Id., Doc. No. 225). On cross-examination, Petitioner conceded that he is a high school graduate, he was under oath when he answered the Court's questions during his Plea hearing, he had not used drugs for months prior to having entered into his Plea Agreement, and he acknowledged his stipulation that the amount of cocaine base which was known, or was reasonably foreseeable to him was between 50 and 150 grams. (Id.). Based upon the foregoing testimony, the Court found that Petitioner had failed to demonstrate by credible evidence that his guilty plea was not knowingly and voluntarily entered, and so the Court denied his Motion. (Id.).

Having determined that the guilty plea could not be withdrawn, the Court then commenced Petitioner's Factual Basis & Sentencing Hearing. At that time, defense counsel advised that there were no objections to the Pre-Sentence Report and the prosecutor advised that she was not going to withdraw the Government's § 851 Notice because Petitioner had failed to honor her request that he testify in an unrelated case, and he failed to comply with the conditions of his pre-trial release agreement. However, the prosecutor further advised that based upon the then-recent case of Apprendi v. New Jersey, 530 U.S. 466 (2000), Petitioner was exposed to a term of 360 months, not life imprisonment. After hearing from both attorneys, Petitioner and his mother, the Court imposed a sentence of 360 months imprisonment.

Petitioner directly appealed his case to the Fourth Circuit Court of Appeals, arguing that

the Court had abused its discretion in denying his Motion to Withdraw Plea. See United States v. Turner, No. 01-4706, slip op. at 2 (4th Cir. Aug. 30, 2002). In addition, Petitioner filed a pro-se brief challenging the validity of his guilty plea and other substantive matters, and arguing that trial and appellate counsel were ineffective in several respects. Id. Nevertheless, the Court of Appeals concluded that Petitioner had "knowingly and intelligently waived his right to appeal." Id. Moreover, the appellate Court stated that it had reviewed Petitioner's pro se claims and found them to be without merit, or not conclusively established on the face of the record. Id. at 2-3. Accordingly, Petitioner's appeal was dismissed in part and his case was affirmed in part. Id. at 3. On March 24, 2003, the U.S. Supreme Court denied Petitioner's Petition for a Writ of Certiorari, thereby ending his pursuit of direct review. (Id., Doc. No. 250).

On May 27, 2003, Petitioner filed a Motion to Vacate claiming that his guilty plea was unlawfully induced by trial counsel's false promise of a ten-year sentence; that this Court abused its discretion in calculating his sentence on the basis of the drug quantity provided by the Pre-Sentence Report; and that the appellate Court had erred in denying his Motion to Supplement his appeal. (Doc. No. 1 at 4). However, Petitioner's third claim was summarily dismissed because it was not cognizable on habeas review. (Doc. No. 3). On August 21, 2003, the Government filed a combined response and Motion for Summary Judgment, arguing that Petitioner's claim of improper inducement was belied by the record evidence; his challenge to the Court's sentencing calculations was precluded both by the waiver provision set forth in his Plea Agreement and the Fourth Circuit's affirmation of his sentence on direct appeal. (Doc. No. 4). On September 2, 2003, Petitioner filed a Response addressing the Government's argument concerning the validity of his guilty plea contending, in part, that his Rule 11 colloquy supported his claim because it showed that he had gone out of his way to follow his attorney's advice. (Doc. No. 6). Petitioner

also subsequently filed his a sworn Declaration and counter Motion for Summary Judgment. (Doc. No. 10). Thee, Petitioner argued that the Government's Motion for Summary Judgment should be denied because it is not supported with sworn affidavits, it did not dispute his allegation of counsel's outside inducement, and Rule 56(e) had "no effect in these proceedings as far as the government is concern[ed]." Last, on September 24, 2004, Petitioner filed a "Notice of Supplemental Authority In Support of Motion . . . ," noting the ruling in Blakely v. Washington, 542 U.S. 296 (2004), and asking the Court either to re-sentence him or to allow him to withdraw his Plea Agreement. (Id.)

However, after considering the parties' arguments and the relevant legal precedent, the Court determined that Petitioner's claim that his guilty plea was invalid was foreclosed by the record evidence; and that he had knowingly and voluntarily waived his right to challenge the Court's calculations of his sentence. (Doc. No. 12). Therefore, the Court granted the Government's Motion for Summary Judgment, denied Petitioner's Motion for Summary Judgment, and denied and dismissed his Motion to Vacate. (Id.).

Petitioner did not appeal that Order but instead filed the instant Rule 60(b) Motion raising a number of claims attacking his conviction and sentence, including that his diminished mental capacity adversely impacted his guilty plea; that the Government misled the Court at sentencing by arguing that he was a high school graduate when the evidence showed that he was suffering from a diminished mental capacity due to his prolonged substance abuse; that the Government entrapped, and/or misled and coerced him into agreeing to cooperate; that at sentencing, the Government misrepresented to the Court that Petitioner was a critical witness in a murder trial in order to establish that he had breached his Plea Agreement by absconding supervision and refusing to testify in that trial; and that the Government attempted to make him

5

commit perjury by directing him to testify about matter of which he was unaware so that it could use that information to establish his breach of the Plea Agreement. (Doc. No. 14 at 5-9).

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a party may obtain relief from a final judgment for any reason that justifies relief. In the context of a judgment which denied a petitioner's motion for collateral relief, a motion filed under Rule 60(b)(6) typically will ask the Court to reconsider that judgment. Under those circumstances, the motion for reconsideration should "seek a remedy for some defect in the collateral review process." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). However, when the motion contains either new or revised arguments, thereby continuing the petitioner's attack on his conviction and/or sentence, the motion is actually an unauthorized, successive collateral attack which must be dismissed. Id. at 207. ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

In the instant case, although Petitioner filed this Motion pursuant to Rule 60(b)(6), his claims actually sound in habeas[1] and, therefore, constitute a continued attack on his conviction and sentence. Thus, Petitioner's Motion is an unauthorized, successive motion to vacate which the Court must dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion Under Rule 60(b)(6) of the Federal Rules of Civil Procedure is **DISMISSED**.

---

[1] To the extent that Petitioner's claim that he was unable to amend his § 2255 motion because he had to rely on other inmates to prepare his documents can be construed as a challenge to his § 2255 proceeding, that claim still does not provide a ground for relief. The record reflects that Petitioner neither sought leave for permission to amend his Motion to Vacate, nor filed a motion to amend such Motion. Therefore, this claim falls short of showing that there was some defect in the Court's proceedings that entitles Petitioner to relief.

**SO ORDERED**.

Signed: May 9, 2011

Richard L. Voorhees
United States District Judge